**HASBANI & LIGHT, P.C.**
Rafi Hasbani, Esq.
450 Seventh Avenue, Suite 1408
New York, New York 10123
Tel: (212) 643-6677
Email: rhasbani@hasbanilight.com
*Counsel for Plaintiff Windward Bora, LLC.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WINDWARD BORA LLC,      Case No.:

**COMPLAINT**

Plaintiff,

-against -

JOHN SOTOMAYOR, ALEXANDRIA LOAIZA; AMERICAN EXPRESS CENTURION BANK; MIDLAND FUNDING LLC D/B/A IN NEW YORK AS MIDLAND FUNDING OF DELAWARE, LLC; CAPITAL ONE BANK (USA), N.A.; "JOHN DOE" and "JANE DOE";

Defendants.
-------------------------------------------------------------------X

Plaintiff, Windward Bora LLC ("Windward Bora" or "Plaintiff") by its attorneys Hasbani & Light, P.C., hereby alleges upon information and belief.

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 et seq., to foreclose on a mortgage encumbering the property commonly known as 2359 Maple Avenue, Cortlandt Manor, New York 10567 (Westchester County Tax Map as Section: 45.10 Block: 3 Lot: 5) in the County of Westchester, and State of New York (the "Property").

2. A copy of the Schedule "A" describing the Property in further detail is annexed hereto as **Exhibit A**.

## PARTIES

3. Windward Bora, LLC. ("Windward Bora" of "Plaintiff") is a limited liability company organized under the laws of the State of Delaware. Windward Bora is a single member limited liability company whose sole member is lawfully admitted for permanent residence in the United States and is domiciled in the State of Florida. For the purpose of diversity, Windward Bora is a citizen of Florida.

4. John Sotomayor, upon information and belief, is a resident and citizen of the State of New York, having an address at 2359 Maple Avenue, Cortlandt Manor, New York 10567. John Sotomayor is a necessary party defendant to this action by virtue of the fact that he (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is a Mortgagor under the Mortgage. Copies of the Note and Mortgage are annexed respectively hereto as **Exhibit B** and **Exhibit C**.

5. Alexandria Loaiza, upon information and belief, is a resident and citizen of the State of New York, having an address at 2359 Maple Avenue, Cortlandt Manor, New York 10567. Alexandria Loaiza is a necessary party defendant to this action by virtue of the fact that he (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); and (ii) is a Mortgagor under the Mortgage. *See* **Exhibits B** and **C**

6. American Express Centurion Bank is a judgment creditor located at 4315 S. 2700 West, Salt Lake City, Utah 84184. For purposes of diversity jurisdiction, American Express Centurion Bank is a citizen of Utah. American Express Centurion Bank is a necessary party defendant in this action because it is a judgment creditor by virtue of the judgment docketed against the Borrower and/or Property which is subordinate to Plaintiff's Mortgage. A copy of this judgment is attached hereto as **Exhibit D**.

7. Midland Funding LLC d/b/a in New York as Midland Funding of Delaware LLC is a judgment creditor located at 8875 Aero Drive, Ste 200, San Diego, California 92123. For purposes of diversity jurisdiction, Midland Funding LLC is a citizen of California. Midland Funding LLC is a necessary party defendant in this action because it is a judgment creditor by virtue of the judgment docketed against the Borrower and/or Property which is subordinate to Plaintiff's Mortgage. A copy of this judgment is attached hereto as **Exhibit E**.

8. Capital One Bank (USA), N.A. is a judgment creditor located at 4851 Cox Road, Gen Allen, Virginia 23060. For purposes of diversity jurisdiction, Capital One Bank (USA), N.A. is a citizen of Virginia. Capital One Bank (USA), N.A. is a necessary party defendant in this action because it is a judgment creditor by virtue of the judgment docketed against the Borrower and/or Property which is subordinate to Plaintiff's Mortgage. A copy of this judgment is attached hereto as **Exhibit F**.

9. Defendants "JOHN DOE" and "JANE DOE" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. *See* NYRPAPL §§ 1311, 1312 and 1313.

10. Each of the above-named defendant(s) has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

11. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

Case 7:21-cv-07161   Document 1   Filed 08/25/21   Page 4 of 8

12. Venue is deemed proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

13. On or about January 19, 2007, as evidence of a loan in the amount of $104,375.00 (the "Loan"), John Sotomayor executed and delivered to Wells Fargo Bank, N.A. (the "Lender") a note dated January 19, 2007 (the "Note"). *See* **Exhibit B**. Pursuant to the terms of the Note, John Sotomayor promised to pay Lender, or the subsequent holder of the Note the principal sum of $104,375.00. *See* **Exhibit B**.

14. In order to collaterally secure the aforesaid Loan, John Sotomayor and Alexandria Loaiza, on the same day, duly executed, acknowledged and delivered a mortgage to the Lender (the "Mortgage"). *See* **Exhibit C**. The Mortgage encumbers the Property. *See* **Exhibit C**. Said mortgage was recorded in the Westchester County Clerk on February 22, 2007 as Control No.: 470370694.

15. The Note and Mortgage were subsequently assigned by physical transfer of the endorsed Note to Plaintiff. *See* **Exhibit B**.

16. Pursuant to the Mortgage, in any lawsuit for foreclosure, the Lender or its successors or assigns possesses the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount John Sotomayor and Alexandria Loaiza owes Lender or its successor-in-interest which fees shall become part of the sums secured. *See* **Exhibits B** and **C**.

17. John Sotomayor and Alexandria Loaiza of defaulted under the terms of the Note and Mortgage for the payment due on August 1, 2015 (the "Default"). *See* **Exhibits B** and **C**.

18. The Note was then transferred to Plaintiff. Windward, the current owner of the Note by virtue of its physical possession of the wet-ink Note. Therefore, Windward, is the holder and owner of both the Note and Mortgage on the date of the filing of this complaint. *See* **Exhibits B** and **C**.

19. On May 19, 2021, Windward Bora complied with the contractual provisions in the Note and Mortgage by mailing a 30-Day Notice (the "Default Notice") to John Sotomayor and Alexandra Loaiza advising of possible acceleration of the loan and continuing default under the Note and Mortgage together if not cured. Attached hereto as **Exhibit G** are copies of the Default Notice and proof of mailing.

20. On May 19, 2021, Windward Bora complied with the requirements of RPAPL § 1304 by mailing a 90 Day Notice (the "90 Day Notice") to John Sotomayor and Alexandra Loaiza advising of possible legal action if the default under the Note and Mortgage together was not cured. Attached hereto as **Exhibit H** are copies of the 90 Day Notices and proof of mailing.

21. Contemporaneously with the mailing of the 90 Day Notice, on May 19, 2021, Windward Bora complied with the requirements of New York State's COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 by mailing the Hardship Declaration and cover letter with submission instructions to John Sotomayor and Alexandra Loaiza. A copy of Plaintiff's Declaration of compliance with this statue, with exhibits, is annexed hereto as **Exhibit I**.

22. As of the date of this filing, John Sotomayor and Alexandria Loaiza failed to return an executed Hardship Declaration. *See id.*

23. Under the terms and conditions of the Note and Mortgage, the unpaid principal balance under the Note and Mortgage is $96,591.97. Plaintiff is also entitled to collect all unpaid interest and fees due under the Note and Mortgage.

24. During the pendency of this action, Plaintiff, in order to protect the lien of the Mortgage, may be compelled to pay sums due on prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expenses or charges affecting the Property described and Plaintiff prays that any such amounts so paid and so extended during the pendency of this action may be added to its claim and repaid from the proceeds of the sale of the Property together with interest thereon, from the date of making such expenditures, so that the same may be added to, and secured by, the Note and Mortgage.

25. The Note and Mortgage contain provisions entitling Plaintiff to recover attorneys' fees incurred in the prosecution of this action.

26. Plaintiff has complied with section 1306 of the Real Property Actions and Proceedings Law, and the Mortgage was originated in compliance with all provisions of section 595-a of the Banking Law and any rules or regulations promulgated there under, and, if applicable, sections 6-1 or 6-m of the Banking law.

27. Two prior actions were commenced for the foreclosure of said Mortgage, or to recover the amount due under the Note. Neither of these actions or proceedings is now pending. The first action entitled *Partners for Payment Relief DE II, LLC v. Sotomayor et al,* New York State Supreme Court of Westchester County Index No.: 70725/2013 was commenced on December 31, 2013 and voluntarily discontinued on March 2, 2018. The second action entitled *Windward Bora, LLC v. Sotomayor et al,* United States District Court for the Southern District of New York Case No.: 7:19-cv-04503-CS was commenced on May 16, 2019 and dismissed by the Order dated April 15, 2021 and entered April 16, 2021.

28.     Each of the above-named defendant(s) has or claims to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Mortgages.

## AS AND FOR A SECOND CAUSE OF ACTION

29.     Plaintiff repeats and realleges all of the above allegations in paragraphs 1 – 28 as if again set forth. By reason of the aforesaid provisions set forth in the Note and Mortgage, there is due and owing the plaintiff from defendants John Sotomayor and Alexandria Loaiza, reasonable attorneys' fees, plus costs and disbursements, for which demand is hereby made.

**WHEREFORE**, the Plaintiff demands judgment that the defendants herein and all persons claiming under them or any or either of them subsequent to the commencement of this action may be forever barred and foreclosed of all right, claim, lien and equity of redemption in the said Property; that the said premises may be decreed to be sold according to law in "as is" physical order and condition, subject to any covenants, easements, restrictions and reservations of record; any violations of record; any state of facts an accurate survey may show; any zoning regulations or amendments thereto; rights of tenants or persons in possession of the subject premises; any prior mortgage liens of record; any prior lien of record; and any advances or arrears hereunder; that this Court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; that monies arising from the sale may be brought into court; that plaintiff may be paid the amount due on said note and mortgage with interest to the time of such payment, attorney's fees, as set forth in the mortgage, the costs of this action and the expenses of said sale so far as the amount of such monies properly applicable thereto will pay the same; and that defendant John Sotomayor may be adjudged to pay the whole residue, or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after

the sale of the Property and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in Section 1371 of the Real Property and Proceedings Law.

Dated: August 24, 2021
      New York, New York

                                                              */s/ Rafi Hasbani*
                                                              Rafi Hasbani, Esq.