UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
WINDWARD BORA, LLC,

                                        Plaintiff,

        - against -
                                                            **OPINION & ORDER**

JOHN SOTOMAYOR; ALEXANDRIA LOAIZA;
AMERICAN EXPRESS CENTURION BANK;                             No. 21-CV-7161 (CS)
MIDLAND FUNDING LLC D/B/A IN NEW
YORK AS MIDLAND FUNDING OF
DELAWARE, LLC; CAPITAL ONE BANK
(USA), N.A.,

                                        Defendants.
-------------------------------------------------------------x

<u>Appearances</u>:
Mojdeh Malekan
Hasbani & Light, P.C.
New York, New York
*Counsel for Plaintiff*

Steven Amshen
Petroff Amshen LLP
Brooklyn, New York
*Counsel for Defendants John Sotomayor and Alexandria Loaiza*

<u>Seibel, J.</u>

        Before the Court is the motion of Plaintiff Windward Bora LLC ("Plaintiff" or

"Windward") for summary judgment against Defendants John Sotomayor and Alexandria Loaiza

("Defendants"), and for a default judgment against American Express Centurion Bank, Midland

Funding LLC, and Capital One Bank (USA), N.A.  (ECF No. 59.)   Also before the Court is the

cross-motion for summary judgment of Defendants Sotomayor and Loaiza.  (ECF No. 68.)  For

the following reasons, Plaintiff's motion is GRANTED in part and DENIED in part, and

Defendants' cross-motion is DENIED.

## I.    **BACKGROUND**

I incorporate the facts set forth in my July 22, 2020 and February 23, 2021 bench rulings in the prior foreclosure action between the same parties regarding the same property, 2359 Maple Avenue, Cortlandt Manor, New York 10567 (the "Property"). *See Windward Bora, LLC v. Sotomayor*, No. 19-CV-4503 (S.D.N.Y. filed May 16, 2019).

The following facts are based on the parties' Local Civil Rule ("LR") 56.1 Statements, (ECF No. 63 ("P's 56.1 Stmt."); ECF No. 73 ("Ds' 56.1 Stmt."); ECF No. 74 ("Ds' 56.1 Resp.")), and the evidentiary materials submitted by the parties, and are undisputed unless otherwise noted.[1]

This action is the third foreclosure proceeding brought against Defendants to foreclose on the Property, which they mortgaged (the "Mortgage") as security for a note signed by Defendant John Sotomayor (the "Note"). (P's 56.1 Stmt. ¶¶ 3-4.) The first action (the "2013 Action") arose on December 31, 2013, when Partners for Payment Relief De II LLC ("PPR") commenced a foreclosure action in Westchester County Supreme Court. (Ds' 56.1 Stmt. ¶ 3.) The 2013 Action concluded on March 2, 2018, when PPR voluntarily discontinued the case. (ECF No. 69-

---

[1] Plaintiff failed to comply with LR 56.1 in response to Defendants' 56.1 Statement. LR 56.1 requires the party opposing summary judgment to include "correspondingly numbered paragraph[s] responding to each numbered paragraph in the statement of the moving party," LR 56.1(b), and to support each such paragraph with "citation to evidence which would be admissible," *id.* 56.1(d). It further provides that if the non-moving party fails to specifically controvert a statement of the moving party, that statement is deemed admitted for purposes of the motion. *Id.* 56.1(c). In what appears to be an error, Plaintiff submitted a copy of Defendants' Statement and Counterstatement but did not submit its own counterstatement. (*See* ECF No. 65). Plaintiff's failure to respond individually to Defendants' statements permits me to consider those statements admitted, provided Defendants' statements are properly supported by evidence. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001). But that would not necessarily mean Defendant is entitled to summary judgment. "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (emphasis in original).

4 at 60.)[2]  On August 15, 2018, Plaintiff became the owner and holder of the Mortgage and Note through the physical delivery of the Note, endorsed to Plaintiff.  (P's 561. Stmt. ¶ 6; ECF No. 60 ("Devico Aff.") ¶ 8.)[3]

The second action (the "2019 Action") arose on May 16, 2019, when Plaintiff commenced a foreclosure proceeding in this Court seeking the same relief as the 2013 Action. (Ds' 56.1 Stmt. ¶ 4.)  On April 15, 2021, this Court dismissed the 2019 Action following a conference during which "Plaintiff informed the Court that it would be unable to prove at trial that it provided the notices required by [Real Property Actions and Proceedings Law ("RPAPL")] §§ 1303 and 1320."  (ECF No. 59-9.)  Accordingly, I allowed Defendants to make an oral motion for summary judgment on the grounds that the undisputed facts demonstrated that Plaintiff had not provided those notices, and I entered summary judgment in favor of Defendants on that basis.  (*Id.*)

On May 19, 2021, Plaintiff sent Defendants the pre-foreclosure notices required by RPAPL § 1304.  (*See* ECF No. 69-7.)  The instant action was filed on August 25, 2021, (ECF No. 1 ("Compl.")), and Defendants filed their answer and counterclaims on September 7, 2021, (ECF No. 19 ("Answer")).  On August 31, 2021, Plaintiff filed copies of the Notice of Pendency of Action and Complaint in the Office of the Westchester County Clerk.  (ECF Nos. 77-1, 77-2.) On September 8, 2021, a process server served Defendants Sotomayor and Loaiza at the Property

---

[2] References to ECF No. 59, ECF No. 69, and ECF No. 77 refer to the page numbers generated by the Electronic Case Filing ("ECF") system.

[3] In its 56.1 Statement, Plaintiff alleged, and supported with evidence, that "Plaintiff is the owner of the Note and is in possession of the wet-ink note with a proper allonge.  Therefore, Plaintiff is the holder and owner of both the Note and Mortgage on the date of the filing of this [] complaint."  (P's 56.1 Stmt. ¶ 6.)  Defendants attempt to deny the statement but cite only to their Answer and do not supply evidence.  (Ds' 56.1 Resp. ¶ 6.)  Accordingly, Plaintiff's statement is accepted as true.

with the summons, a "special summons pursuant to RPAPL § 1320," the complaint, the "notice

pursuant to RPAPL 1303 on yellow colored paper," and a COVID-19 hardship letter and

declaration of hardship.  (ECF No. 59-2 at 1-2.)  Following discovery, the instant cross-motions

followed.

## II.    LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that

a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit

under the governing law . . . .  Factual disputes that are irrelevant or unnecessary will not be

counted."  *Id.*  On a motion for summary judgment, "[t]he evidence of the non-movant is to be

believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.[4]

The movant bears the initial burden of demonstrating "the absence of a genuine issue of

material fact," and, if satisfied, the burden then shifts to the non-movant to "present evidence

sufficient to satisfy every element of the claim."  *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d

Cir. 2008).  "The mere existence of a scintilla of evidence in support of the [non-movant's]

position will be insufficient; there must be evidence on which the jury could reasonably find for

the [non-movant]."  *Anderson*, 477 U.S. at 252.  Moreover, the non-movant "must do more than

simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "may not rely on conclusory

---

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A).  Where a declaration is used to support or oppose the motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." *Id.* 56(c)(4); *see Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008).  "If a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2).

This same standard applies to cross-motions for summary judgment.  *Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001); *C & A Carbone, Inc. v. County of Rockland*, No. 08-CV-6459, 2014 WL 1202699, at *5 (S.D.N.Y. Mar. 24, 2014).  Generally, in deciding cross-motions for summary judgment, "each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration."  *Morales*, 249 F.3d at 121; *see Chartis Seguros Mex., S.A. de C.V. v. HLI Rail & Rigging, LLC*, 3 F. Supp. 3d 171, 179 (S.D.N.Y. 2014).  But where, as here, the motion and cross-motion seek a determination of the same issues, the Court can consider them together.

*Chartis Seguros*, 3 F. Supp. 3d at 179; *Royal & Sun All. Ins., PLC v. E.C.M. Transp., Inc.*, No. 14-CV-3770, 2015 WL 5098119, at *2 (S.D.N.Y. Aug. 31, 2015).

III. __DISCUSSION__

Plaintiff argues that it is entitled to summary judgment because it has established its foreclosure case as a matter of law and Defendants' affirmative defenses lack merit. (*See generally* ECF No. 62 ("P's Mem.").)

A. ___Prima Facie___ **Mortgage Foreclosure Case**

Plaintiff argues that it has established its *prima facie* case as a matter of law. (*Id.* at 6-7.)

A plaintiff establishes its right to foreclose a mortgage as a matter of law on summary judgment "through the production of the mortgage, the unpaid note, and evidence of default." *Capital One Nat'l Ass'n v. 48-52 Franklin, LLC*, No. 12-CV-3366, 2014 WL 1386609, at *4 (S.D.N.Y. Apr. 8, 2014). "Once the plaintiff has established its prima facie case by presenting the Note, Mortgage and proof of default, the plaintiff mortgagee has a presumptive right to foreclose, which can only be overcome by an affirmative showing by the defendant mortgagor." *CIT Bank, N.A. v. Nwanganga*, 328 F. Supp. 3d 189, 195 (S.D.N.Y. 2018).

Plaintiff physically possesses and has produced the Mortgage and Note with affixed allonges. (ECF No. 60-1; ECF No. 60-2; *see* Devico Aff. ¶ 8.) As noted, in their 56.1 Response, Defendants deny that Plaintiff is the holder and owner of the Note and Mortgage but fail to provide any explanation of the basis on which they dispute this claim, simply stating, "Defendants deny this," and citing generally to their Answer, which does not appear to include any facts negating Plaintiff's ownership. (*See* Ds' 56.1 Resp. ¶ 6.) This is insufficient to raise an issue of fact at the summary judgment stage. *Emanuel v. Griffin*, No. 13-CV-1806, 2015 WL

1379007, at *2 (S.D.N.Y. Mar. 25, 2015) (Court will ignore unsupported assertions in a 56.1 Statement).

Plaintiff has also submitted an affidavit based on personal knowledge and on business records of Plaintiff and its predecessors attesting to Defendants' default, (Devico Aff. ¶¶ 7, 9; *see* ECF No. 60-3), which is sufficient evidence to establish default on summary judgment. *See, e.g.*, *Wells Fargo Bank, Nat'l Ass'n v. Ullah*, No. 13-CV-485, 2015 WL 3735230, at *4 (S.D.N.Y. June 15, 2015); *E. Sav. Bank, F.S.B. v. Ferro*, No. 13-CV-5882, 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015).[5]  Moreover, in the 2019 Action, the signer of the Note, Defendant Sotomayor, admitted the default.  (*See* ECF No. 77-4 at 1.)[6]

_____

[5] Defendants dispute Plaintiff's proof of default only insofar as Plaintiff's "copies of the prerequisite notices referenc[e] different amounts."  (Ds' 56.1 Resp. ¶ 5.)  But Defendants put forth no evidence showing that they did not default under the terms of the Note and Mortgage, as is required when raising an affirmative defense once a *prima facie* case of foreclosure has been made as a matter of law.  !*See Wells Fargo Bank, Nat'l Ass'n as Tr. for Benefit of Holders of Comm 2015-LC19 Mortg. Tr. Com. Mortg. Pass-Through Certificates v. 5615 N. LLC*, No. 20-CV-2048, 2022 WL 15523689, at *7 (S.D.N.Y. Oct. 27, 2022) ("Once a mortgagee's *prima facie* case is established, the mortgagor must make an affirmative showing that a defense to the action exists.")  Instead, Defendants argue that the evidence offered by Plaintiff is inadmissible because it includes "(i) a printout improperly entitled 'pay history,' bearing no indication as to who made it, when it was made, and upon what information [it] is based, and (ii) a 'payoff' which, in fact, appears to be a rushed Microsoft Excel calculation, again bearing no indication of its provenance."  (ECF No. 72 ("Ds' Mem.") at 24.)  But Defendants' concerns about the validity of Plaintiff's records as to the amount by which Defendants are in default goes to the issue of damages, not to whether Defendants defaulted in this case.  Because Plaintiff has already established by affidavit that Defendants defaulted, and Defendants have put forth no affirmative evidence to the contrary, Plaintiff has satisfied its burden to establish a *prima facie* case. Further, "[a] dispute as to the exact amount owed by the mortgagor to the mortgagee may be resolved after a reference pursuant to RPAPL 1321, and the existence of such a dispute does not preclude the issuance of summary judgment directing the sale of the mortgaged property." *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 82 (E.D.N.Y. 2019); *see CIT Bank,* 328 F. Supp. 3d at 199; *Johnson v. Gaughan*, 513 N.Y.S.2d 244, 245 (App. Div. 1987).

[6] Defendants argue that Sotomayor's statement is hearsay.  (ECF No. 76 ("Ds' Reply") at 13.)  But as to him, it is not hearsay because it is an opposing party's statement, *see* Fed. R. Evid. 801(d)(2), and as to both Defendants, it could be admissible as a statement in a document

Accordingly, Plaintiff has "established a *prima facie* case and is presumptively entitled to foreclosure," and the burden shifts to Defendants to establish any affirmative defenses. *Freedom Mortg. Corp. v. Heirs*, No. 19-CV-1273, 2020 WL 3639989, at *4 (S.D.N.Y. July 6, 2020).

### B.   Affirmative Defenses

#### 1.   Notice-Related Affirmative Defenses

Defendants raised several notice-related affirmative defenses in their Answer, including failure to comply with the Mortgage's default-notice provision, (Answer ¶¶ 32-33); failure to comply with RPAPL § 1304, (*id.* ¶¶ 34-35); failure to comply with RPAPL § 1320, (*id.* ¶ 36); failure to comply with RPAPL § 1303, (*id.* ¶ 37); and failure to comply with RPAPL § 1306, (*id.* ¶ 40).  Plaintiff addressed all of these defenses in its motion but Defendants in their opposition and cross-motion discussed only Plaintiff's failure to comply with § 1304 and § 1320. Accordingly, Defendants abandoned the notice-related defenses they did not address.  *See CIT Bank N.A. v. Elliott*, No. 15-CV-4395, 2018 WL 1701947, at *10 (E.D.N.Y. Mar. 31, 2018) ("In opposition, Elliott argued only the affirmative defense of standing and disregarded Plaintiff's discussion of the counterclaims and remaining affirmative defenses.  Accordingly, Elliott abandoned her counterclaims and remaining defenses."); *Onewest Bank, N.A. v. Rosado*, No. 14-CV-9917, 2016 WL 3198305, at *4 (S.D.N.Y. June 7, 2016) ("Plaintiff addressed each of these fifteen affirmative defenses and counterclaims in its brief in support of its motion for summary judgment.  In failing to respond on any of these issues, except the sufficiency of the notice of default and the sufficiency of the evidence that the notice of default was mailed, Defendants have abandoned those unaddressed claims.").

---

affecting an interest in property, *see* Fed. R. Evid. 803(15).  In any event, even without Sotomayor's statement, Plaintiff has established the default.

Defendants also raise in their opposition and cross-motion an affirmative defense that they did not include in their Answer:  Plaintiff's alleged failure to comply with RPAPL § 1331. (Ds' Mem. at 22).  But "a party's failure to plead an affirmative defense bars its invocation at later stages of the litigation." *Doubleday & Co. v. Curtis*, 763 F.2d 495, 503 (2d Cir. 1985); *see Design Options, Inc. v. BellePointe, Inc*., 940 F. Supp. 86, 91 (S.D.N.Y. 1996) ("[I]f a party fails to plead an affirmative defense, that defense is deemed to have been waived."); *see also Perkins v. Am. Transit Ins. Co.*, No. 10-CV-5655, 2013 WL 174426, at *21 (S.D.N.Y. Jan. 15, 2013) ("An opposition brief is not the place to raise new allegations.").  Because Defendants failed to plead this defense in their answer, and have not moved to amend their answer to include it, *see Mooney v. City of N.Y.*, 219 F.3d 123, 127 n.2 (2d Cir. 2000), it is deemed waived, *Minuteman Press Int'l, Inc. v. Matthews*, 232 F. Supp. 2d 11, 17 (E.D.N.Y. 2002).  Nevertheless, out of an abundance of caution, I address the merits of this defense below.

a.    RPAPL § 1304

RPAPL § 1304 sets forth the notice requirements for a lender, assignee or mortgage loan servicer prior to commencement of legal action against a borrower.  The statute sets out the language the notice must contain, RPAPL § 1304(1), and also requires that the notices be sent "in a separate envelope from any other mailing or notice," *id.* § 1304(2).  Here, Plaintiff sent to both Defendants notices pursuant to § 1304 dated May 19, 2021.  (ECF No. 69-7.)  The last page of the notices included the following language beyond that required by § 1304:

> This communication is an attempt to collect a debt and any information obtained will be used for the purpose.  However, if you have received a discharge of debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt and, this company has a security interest in the property and will exercise its rights against the property.

(ECF No. 69-7 at 3, 7.)

Defendants claim that the notices sent to them contained additional language in violation of § 1304 and the principles set forth in *Bank of America, N.A. v. Kessler*, 160 N.Y.S.3d 277 (App. Div. 2021), *rev'd*, No. 4, 2023 WL 1972994 (N.Y. Feb. 14, 2023).  (Ds' Mem. at 10-11.) In *Kessler*, the Appellate Division held that the plaintiff noteholder failed to comply with § 1304 when it sent notices to defendants in an envelope that also contained "two notices pertaining to the rights of a debtor in bankruptcy and in military service."  160 N.Y.S.3d at 284.  The court concluded that the plaintiff failed to comply with RPAPL § 1304 because it sent "additional material" in the same envelope as the requisite notice.  *Id.*

While the instant motions were pending, the New York State Court of Appeals reversed the lower court's holding, concluding that § 1304 does not create a bright line rule that invalidates notices sent with "any additional material or information whatsoever."  *Kessler*, 2023 WL 1972994, at *3.[7]  Instead, § 1304 requires that the foreclosure notice be sent separately from notices "of a different kind."  *Id.*  And "accurate statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure do not constitute an 'other notice.'"  *Id.* at *4.

The reversal defeats Defendants' argument that Plaintiff's inclusion of the challenged language renders the notices invalid under § 1304 and *Kessler*.  (Ds' Mem. at 11.)  In light of the Court of Appeals' decision, it is clear that this additional language constitutes the type of "accurate statement" that "further[s] the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure" permitted under § 1304.

---

[7] Even before *Kessler* was reversed, a court in this District had found language similar to the language at issue here to be appropriate, because it was required under the federal Fair Debt Collection Practices Act.  *See CIT Bank, N.A. v. Neris*, 605 F. Supp. 3d 521, 528 (S.D.N.Y. 2022).

*Kessler*, 2023 WL 1972994, at *4.  The added language merely informs the borrower that the lender is seeking to collect a debt unless the debt has been discharged in bankruptcy or the borrower has an ongoing bankruptcy case.  Indeed, the language approved in *Kessler* was essentially the same.  *See id*. at *2.

Accordingly, Plaintiff is entitled to summary judgment on this issue.

        b.    <u>RPAPL § 1320</u>

RPAPL § 1320 requires that "[i]n an action to foreclose a mortgage on a residential property containing not more than three units, in addition to the usual requirements applicable to a summons in the court, the summons shall contain a notice in boldface" with statutorily prescribed language.

Plaintiff included the statutorily prescribed language when it served the summonses on both Defendants, but on a separate piece of paper.  (ECF No. 69-6.)  Defendants argue, without citing authority, that "[t]here can only be one summons, and in a foreclosure action, it must include the aforementioned special language," and that by serving two summonses, Plaintiff failed to comply with § 1320.  (Ds' Mem. at 23.)  This argument is nonsensical.  As evidenced by the several summonses issued by the Clerk of Court to each named Defendant, (ECF Nos. 14-18), there can indeed be more than one summons.  Indeed, Federal Rule of Civil Procedure 4(b) requires that "[a] summons – or a copy of a summons that is addressed to multiple defendants – must be issued for each defendant to be served."

Defendants may intend to argue that § 1320 requires a party to include the statutory language on the summons form itself, rather than on a separate page.  (Ds' Mem. at 22-23.)  But courts routinely find that a plaintiff complies with § 1320 by serving the notice along with the summons and complaint.  *See United States v. Lancor*, No. 19-CV-936, 2022 WL 4551694, at *2

(N.D.N.Y. Sept. 29, 2022) ("Plaintiff has cured this deficiency in connection with the instant motion by providing evidence that Defendant Lancor was re-served with the summons and complaint, together with the Section 1320 notice, on July 12, 2022."); *Ditech Fin. LLC v. Frantz*, No. 16-CV-146, 2017 WL 1184206, at *4 (N.D.N.Y. Mar. 29, 2017) ("Plaintiff also served, with the summons and complaint, notices pursuant to RPAPL § 1303 and § 1320."), *reconsideration granted on other grounds*, 2018 WL 2084166 (N.D.N.Y. May 2, 2018); *Ditech Fin. LLC v. Sterly*, No. 15-CV-1455, 2016 WL 7429439, at *4 (N.D.N.Y. Dec. 23, 2016) (same). Defendants have not cited any case law to the contrary, nor have they suggested how including the required language on a separate sheet served along with the summons in any way undermines the purpose of the statute. Accordingly, the Court rejects Defendants' argument that § 1320 requires the statutory language to be included on the summons form itself and finds that Plaintiff complied with the statute in sending § 1320 notices.

Accordingly, Plaintiff is entitled to summary judgment on this issue.

c.   RPAPL § 1331

Defendants argue in their motion for summary judgment that Plaintiff failed to comply with RPAPL § 1331, (Ds' Mem. at 22), which requires

> [t]he plaintiff, at least twenty days before a final judgment directing a sale is rendered, [to] file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording.

RPAPL § 1331. Defendants contend that Plaintiff has failed to comply with RPAPL § 1331 because Plaintiff did not provide evidence that it had complied with § 1331. (Ds' Mem. at 22.)

First, no final judgment of sale has been rendered yet. Second, even if a final judgment of sale had been rendered, Plaintiff has submitted copies of the filed complaint with the notice of

pendency, which are stamped as received by the Office of the Westchester County Clerk on August 31, 2021.  (ECF Nos. 77-1, 77-2.)[8]  Consequently, Plaintiff has established its compliance with RPAPL § 1331 and is entitled to summary judgment on this issue.

### 2.    Statute of Limitations

Defendants argue that they are entitled to summary judgment because Plaintiff's foreclosure action is time-barred.  (Ds' Mem. at 12-21; *see* Answer ¶ 39).

In New York, the statute of limitations for foreclosure actions is six years.  N.Y. C.P.L.R. § 213.  Typically, the statute of limitations starts running from the due date of each unpaid installment.  *Plaia v. Safonte*, 847 N.Y.S.2d 101, 102 (App. Div. 2007).  But once an installment loan is accelerated, the entire amount comes due, and the statute of limitations begins to run on the full amount.  *EMC Mortg. Corp. v. Patella*, 720 N.Y.S.2d 161, 162 (App. Div. 2001). "When acceleration of the mortgage debt on default is made optional with the holder of the note and mortgage," as here, "some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision."  *CIT Bank*, 328 F. Supp. 3d at 201 (quoting *Wells Fargo Bank, N.A. v. Burke*, 943 N.Y.S.2d 540, 542 (App. Div. 2012)).  Such affirmative action must be "clear and unequivocal," *Wells Fargo Bank*, 943 N.Y.S.2d at 542, and commencement of a foreclosure action may suffice, *id.*; *see Your New Home, LLC v. JP Morgan Chase Bank, N.A.*, 92 N.Y.S.3d 851, 854 (Sup. Ct. 2019).

---

[8] Because Defendants raised this affirmative defense for the first time in their opposition to Plaintiff's motion for summary judgment, (*see* Ds' Mem. at 22), the Court considers the supplemental declaration of Mojdeh Malekan and its exhibits submitted on reply, (ECF Nos. 77-1, 77-2.)  *See Yorke v. TSE Grp. LLC*, No. 18-CV-5268, 2019 WL 3219384, at *2 (S.D.N.Y. July 17, 2019) (collecting cases for proposition that evidence may be considered in reply when it is responsive to claims raised in opposition briefs); *see Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005) (district courts have discretion to consider or disregard arguments and evidence raised for first time in reply brief).

Defendants argue that the statute of limitations expired on December 31, 2019,[9] at the latest, because the Mortgage was accelerated on December 31, 2013, when Plaintiff's predecessor in interest, PPR, brought a foreclosure action.  (Ds' Mem. at 12.)  Plaintiff argues that although the loan was accelerated on December 31, 2013, it was decelerated on March 2, 2018, when PPR voluntarily discontinued the action.  (P's Mem. at 15.)  In support of its argument, Plaintiff cites to *Freedom Mortgage Corp. v. Engel*, 37 N.Y.3d 1 (2021), in which the New York State Court of Appeals held that, "where acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder."  *Id.* at 32.

While the instant motion was pending, New York enacted the Foreclosure Abuse Prevention Act ("FAPA"), which effectively overrules *Engel*.[10]  (*See* ECF No. 82.)  Section 8 of FAPA amends New York Civil Practice Law and Rules ("CPLR") § 3217(3) to add that "the voluntary discontinuance of [a foreclosure] action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute."  A.B. 7737-B, 2021-2022 Assemb., Reg. Sess. § 8 (N.Y. 2021).  Further, Section 4

---

[9] Defendants list the date as December 13, 2019 in their brief but this is a typographical error because the 2013 Action was filed on December 31, 2013 and six years from the commencement of the 2013 Action is December 31, 2019.

[10] According to New York State Senator James Sanders Jr.'s press release on the enactment – Governor Kathy Hochul Signs the "Foreclosure Abuse Prevention Act" (FAPA), NY Senate (Jan. 11, 2023), https://www.nysenate.gov/newsroom/press-releases/james-sanders-jr/governor-kathy-hochul-signs-foreclosure-abuse-prevention (last visited Mar. 15, 2023) – "This law restores balance in the foreclosure process since the New York Court of Appeals' decision in Freedom Mtge. v. Engel in 2021.  The new law will prevent manipulative foreclosure practices disproportionately harmful to communities of color."

of FAPA, which amends CPLR § 203, provides that once a cause of action has "accrued," "no

party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual

thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed

by law to commence an action and to interpose the claim, unless expressly prescribed by

statute." *Id.* § 4.

Plaintiff does not dispute that *Engel* is no longer good law, but instead argues that it filed

this action within the statute of limitations period even if the loan was not decelerated on March

2, 2018, citing to the newly enacted CPLR § 205-a.  (*See* ECF No. 83 at 1-2.)  Section 6 of

FAPA creates CPLR § 205-a, a savings provision specific to certain actions related to real

property, which provides:

> If [a foreclosure action] is timely commenced and is terminated in a manner other
> than a voluntary discontinuance, a failure to obtain personal jurisdiction over the
> defendant, a dismissal of the complaint for any form of neglect . . . for violation of
> any court rules or individual part rules, for failure to comply with any court
> scheduling orders, or by default due to nonappearance for conference or at a
> calendar call, or by failure to timely submit any order or judgment, or upon a final
> judgment upon the merits, the original plaintiff . . . may commence a new action
> upon the same transaction or occurrence or series of transactions or occurrences
> within six months following the termination, provided that the new action would
> have been timely commenced within the applicable limitations period prescribed
> by law at the time of the commencement of the prior action and that service upon
> the original defendant is completed within such six-month period.

A.B. 7737-B § 6.[11]  Plaintiff argues that the instant foreclosure action is timely under CPLR

§ 205-a because (1) this action, which was filed on August 25, 2021, was filed within six months

---

[11] Because the motion was briefed prior to the enactment of FAPA, the parties cite in
their briefs to CPLR § 205(a) rather than § 205-a.  Section 205(a) provides,

> If an action is timely commenced and is terminated in any other manner than by a
> voluntary discontinuance, a failure to obtain personal jurisdiction over the
> defendant, a dismissal of the complaint for neglect to prosecute the action, or a
> final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause
> of action survives, his or her executor or administrator, may commence a new

of the termination of its previous foreclosure action on the Property – the 2019 Action – which was terminated on April 16, 2021; (2) the 2019 Action was timely commenced on May 16, 2019, within six years of the acceleration of the mortgage on December 31, 2013;  (3) the 2019 Action was dismissed for reasons other than those listed in the statute, and (4) all Defendants were served by September 10, 2021 – within the six-month period.  (ECF No. 83; *see* P's Mem. at 16-17.)

Defendants argue in response that the savings provision cannot be applied to the instant action for two reasons:  first, the prior foreclosure action was dismissed on the merits, and

---

action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period. Where a dismissal is one for neglect to prosecute the action made pursuant to rule thirty-two hundred sixteen of this chapter or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation.

Like § 205-a, §205(a) acts as a "savings statute," generally providing that a timely commenced action dismissed without prejudice can be refiled by "the plaintiff" within six months of dismissal, even if the statute of limitations has expired.  *ACE Sec. Corp. v. DB Structured Prod., Inc.*, 38 N.Y.3d 643, 651 (2022) ("The effect of the statute is quite simple:  if a timely brought action has been terminated for any reason other than one specified in the statute, the plaintiff may commence another action based on the same transactions or occurrences within six months of the dismissal of the first action" and obtain the benefit of the prior timely filing for statute of limitations purposes.").  FAPA created § 205-a

to provide a specific savings statute for foreclosures in order to address judicial decisions that have been contrary to the spirit of this savings provision which have been overly indulgent of foreclosure plaintiffs whose cases have been dismissed for various forms of neglect, who are not entitled to the six months grace period means for diligent plaintiffs whose cases were dismissed for reasons that do not reflect their own fault.

*U.S. Bank Nat'l Ass'n as Tr. for Residential Asset Sec. Corp., Home Equity Mortg. Asset Backed Pass-Through Certificates, Series 2006-EMX8 v. Pierre*, No. 208030/2022, 2023 WL 2198458, at *1 (N.Y. Sup. Ct. Feb. 23, 2023).

second, FAPA limits Plaintiff's ability to apply the savings provision because it is a successor in interest to PPR.  (ECF No. 82.)

Defendants assert that Plaintiff cannot rely on § 205-a because the 2019 Action was terminated upon a final judgment on the merits, and therefore falls into one of the exceptions to the savings provision.  (*Id.*; *see* D's Mem. at 12-14.)  On April 15, 2021, this Court dismissed the 2019 Action following a conference during which "Plaintiff informed the Court that it would be unable to prove at trial that it provided the notices required by RPAPL §§ 1303 and 1320."  (ECF No. 59-9.)  Accordingly, I allowed Defendants to make an oral motion for summary judgment on the grounds that the undisputed facts demonstrated that Plaintiff had not provided those notices and I entered summary judgment in favor of Defendants on that basis.  (*Id.*)  Plaintiff argues that this dismissal was not on the merits because the dismissal arose from the failure to satisfy a condition precedent.  (ECF No. 78 ("P's Reply") at 10-11.)

While Defendants may be correct, (*see* Ds' Mem. at 13), that "[a]n order granting summary judgment constitutes an adjudication on the merits for the purposes of *res judicata*," *Flowers v. Conn. Light & Power Co.*, No. 21- CV-860, 2021 WL 5564085, at *1 (2d Cir. Nov. 29, 2021), "failure to comply with a procedural condition precedent may be a fatal flaw to maintaining the prior action and grounds for dismissal but is not a judgment on the merits for purposes of CPLR 205(a)," *U.S. Bank Nat'l Ass'n v. DLJ Mortg. Cap., Inc.*, 33 N.Y.3d 72, 80 (2019) (citing *Carrick v. Cent. Gen. Hosp.*, 51 N.Y.2d 242 (1980)).  *Sabbatini v. Galati*, 842 N.Y.S.2d 539 (App. Div. 2007), is instructive.  In *Sabbatini*, the first foreclosure action was dismissed by the lower court at summary judgment on statute of limitations grounds and affirmed by the Appellate Division on the separate ground of plaintiff's failure to comply with RPAPL § 1301(1).  *Id.* at 541.  After the plaintiff satisfied the relevant condition precedent, he

filed a second foreclosure action seeking the same relief demanded in the original action and

now seeking the benefit of CPLR § 205(a).  *Id.* at 541-42.  In holding that the lower court's grant

of the defendants' motion for summary judgment was incorrect, the Appellate Division explicitly

stated that the prior dismissal at summary judgment on the basis that plaintiff had failed to

comply with RPAPL § 1301(1) was not a final judgment on the merits for purposes of CPLR §

205(a).  *See id.* at 542 ("Dismissal of a complaint for the failure to satisfy a condition precedent

to suit is not a final judgment on the merits for the purposes of CPLR 205(a)."); *see*

*CitiMortgage, Inc. v. Moran*, 135 N.Y.S.3d 378, 380 (2020) (applying § 205(a) where plaintiff

failed to comply with RPAPL § 1304 in prior action).  Here, the 2019 Action was similarly

dismissed for failure to satisfy a condition precedent to suit – namely, compliance with RPAPL §

1303 and § 1320.  (*See* ECF No. 59-9.)  Defendants have provided no persuasive reason why

*Sabbatini* should not be applied in this case or why I should interpret § 205-a differently than

§ 205(a) in this context, and cite no cases arising in the RPAPL context.  In short, my prior grant

of summary judgment to Defendants in the 2019 Action decided nothing more than that Plaintiff

had not complied with RPAPL § 1303 and § 1320 prior to commencing that lawsuit.  That is the

only finding that would be entitled to preclusive effect, and it said nothing about the merits of

that lawsuit or the instant one.  It was a reason to dismiss the 2019 action but not a finding on the

merits that would prevent application of CPLR § 205-a.

Defendants' second argument relies on Section 6 of FAPA, which modifies the savings

provision by permitting only an "original plaintiff" to bring the new action and clarifying that "a

successor in interest or an assignee of the original plaintiff shall not be permitted to commence

the new action, unless pleading and proving that such assignee is acting on behalf of the original

plaintiff."  A.B. 7737-B § 6.  Defendants argue that Plaintiff cannot utilize the savings provision

in the instant action because the "original plaintiff" is PPR, referring to the 2013 Action.  (ECF No. 82 at 2-3.)  But the "original plaintiff" refers to the plaintiff in the action from which the "new plaintiff" is seeking to extend the statute of limitations period.  The "original plaintiff" here is Windward – the party that brought the 2019 Action.  In other words, CPLR § 205-a is not being applied to the 2013 action brought by PPR, but to the 2019 Action brought by Plaintiff.[12] *ACE Securities Corp. v. DB Structured Products, Inc.*, 38 N.Y.3d 643 (2022), the only case Defendants cite on this issue, is not to the contrary.  There the Court of Appeals held that HSBC could not apply the savings provision under CPLR § 205(a) because the "original plaintiffs" of the prior action upon which HSBC was seeking to extend the statute of limitations period were two certificate holders, not HSBC.  *Id.* at 647.  Here, Windward was the party that brought both the 2019 Action and the instant action, and is thus able to apply the savings provision.

Accordingly, Plaintiff is entitled to summary judgment on this issue.

### 3.    Remaining Defenses and Counterclaims

In their Answer, Defendants raise the following remaining affirmative defenses:  failure to state a cause of action, (Answer ¶ 31); standing, (*id.* ¶ 38); statute of frauds, (*id.* ¶ 41); laches, (*id.* ¶ 42); waiver, (*id.* ¶ 43); and res judicata, (*id.* ¶ 44).  Defendants also raise counterclaims including a claim to quiet title pursuant to Article 15 of RPAPL, (*id.* ¶¶ 45-56), and a claim for attorneys' fees under New York Real Property Law ("RPL") § 282, (*id.* ¶¶ 57-60).  Because Defendants failed to address all remaining affirmative defenses and their quiet title counterclaim in their cross-motion, and failed to respond to Plaintiff's arguments as to them, I find that they are abandoned.  *See OneWest Bank*, 2016 WL 3198305, at *4.

---

[12] Plaintiff did not need to utilize CPLR § 205(a) in commencing the 2019 Action because it was brought within the statute of limitations.

Defendants do raise their final counterclaim "seek[ing] attorneys' fees and costs under the terms of th[e] alleged mortgage."  (Ds' Mem. at 21-22); *see* RPL § 282(1) (providing that where lender may collect attorneys' fees and costs in foreclosure action, borrower has implied reciprocal right to fees and costs where borrower successfully defends action); *21647 LLC v. MTGLQ Invs., L.P.*, 180 N.Y.S.3d 489, 492 (Sup. Ct. 2022) (RPL § 282 "provides that a covenant contained in a mortgage on residential real property that permits the mortgagee to recover attorney fees in a foreclosure action gives rise to an implied reciprocal covenant by the mortgagee in favor of the mortgagor.").

Because the Court has concluded that Plaintiff is entitled to summary judgment, however, this counterclaim is necessarily dismissed.  *See OneWest Bank, N.A. v. Melina*, No. 14-CV-5290, 2015 WL 5098635, at *5-6 (E.D.N.Y. Aug. 31, 2015) ("Because [the plaintiff-mortgagee's] motion for summary judgment is granted, [the defendant-mortgagor] has not successfully defended this action.  Accordingly, his counterclaim for attorney's fees is dismissed."), *aff'd*, 827 F.3d 214 (2d Cir. 2016).  Similarly, the Court denies Defendants' cross-motion for summary judgment.  *See Colavito v. N.Y. Organ Donor Network, Inc.*, 356 F.Supp.2d 237 (E.D.N.Y. 2005) (articulating same reasons to justify both decision to grant summary judgment to one party and decision to deny cross-motion for summary judgment filed by opposing party), *aff'd in part*, 438 F.3d 214 (2d Cir. 2006), *aff'd*, 486 F.3d 78 (2d Cir. 2007).

**C.**   **Default Judgment**

Plaintiff seeks a default judgment against American Express Centurion Bank, Midland Funding LLC, and Capital One Bank (USA), N.A., (P's Mem. at 20-22), but has failed to follow the Court's individual practices, which require default judgments to be sought via Order to Show Cause.  Accordingly, Plaintiff's motion for default judgment is denied without prejudice to

renewal.  Assuming I find it appropriate to enter default judgments as to American Express

Centurion Bank, Midland Funding LLC, and Capital One Bank (USA), N.A., and assuming

Defendants register no objection to the form of the proposed Judgment of Foreclosure and Sale

submitted by Plaintiff, (ECF No. 59-13), I will enter that Judgment.  The parties are encouraged

to reach agreement on the outstanding balance and on an individual to serve as Special Master.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion is GRANTED in part and DENIED in part.

Summary judgment is GRANTED for Plaintiff against Defendants Sotomayor and Loaiza.  The

cross-motion for summary judgment of Defendants Sotomayor and Loaiza is DENIED.

Plaintiff's motion for a default judgment against American Express Centurion Bank, Midland

Funding LLC, and Capital One Bank (USA), N.A. is DENIED WITHOUT PREJUDICE.  The

Clerk of Court is respectfully directed to terminate the pending motions.  (ECF Nos. 59, 68.)


**SO ORDERED.**

Dated:  March 20, 2023
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.