UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WINDWARD BORA, LLC,

                Plaintiff,

    -against-                        CASE No: 7:21-CV-07161-CS

JOHN SOTOMAYOR, ALEXANDRIA LOAIZA;
AMERICAN EXPRESS CENTURION BANK,
MIDLAND FUNDING LLC D/B/A/ IN NEW YORK    **JUDGMENT OF**
AS MIDLAND FUNDING OF DELAWARE, LLC;     **FORECLOSURE AND SALE**
CAPITAL ONE BANK (USA), N.A.et al.,
                Defendant(s).
-------------------------------------------------------------------X

On the Summons in a Civil Action (the "Summons") and Complaint filed herein on August 25, 2021, ( "Complaint"); on the Notice of Pendency filed in the Westchester County Clerk's Office on August 31, 2021 and the successive Notice of Pendency filed on January 14, 2025; and upon Plaintiff Windward Bora, LLC's ("Plaintiff") Motion for a Judgment of Foreclosure and Sale finding Defendants AMERICAN EXPRESS CENTURION BANK, MIDLAND FUNDING LLC D/B/A/ IN NEW YORK  AFFIRMATION OF SERVICE AS MIDLAND FUNDING OF DELAWARE, LLC; CAPITAL ONE BANK (USA), N.A, in default of answering the Complaint pursuant to Rule 55(a) of the Federal Rules of Civil Procedure; and finding summary judgment warranted against Defendants JOHN SOTOMAYOR, ALEXANDRIA LOAIZA, pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "Motion");

NOW, upon the Declaration of Amounts Due and Owing of Yonel Devico(the "Devico Declaration"), dated January 3, 2022, the Court finds that;

Plaintiff is the assignee, owner and holder of the Note (the "Note") and Mortgage

(the "Mortgage") dated January 19, 2007, in the amount of $104,375.00 recorded in the office of the County Clerk, County of Westchester on February 22, 2007, as Control No.: 470370694;

The amount computed by the Court to be due on the Note and Mortgage is $96,591.97 in unpaid principal, $85,644.92 in interest, and $50,916.29 [$33,470.04 CS] in attorneys' fees and costs through January 31, 2025, for a total of $233,153.18 [$215,706.93 CS] as set forth in the Devico Declaration, plus interest at a daily rate of $25.49 from January 31, 2025 until the entry of the within Judgment of Foreclosure and Sale.

**IT IS ORDERED AND ADJUDGED,** that the mortgaged premises described in the Complaint and Schedule "A" annexed hereto be sold pursuant to this Judgment.

Together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof.

Together with all fixtures and articles of personnel property annexed to, installed in, or used in connection with the mortgage premises, all as more fully set forth in the aforementioned mortgage, be sold in one parcel subject to the following any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, if any; zoning restrictions and any amendments thereto according to law now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments; at public auction to be held outside the United States Courthouse, 300 Quarropas Street, White Plains, NY 10601, by and under the direction of Lynn Farrell, Esq., who is hereby designated as Referee herein to sell the mortgaged premises in accordance with that purpose; that said Referee give public notice of the time and

place of such sale in accordance with RPAPL §231 and in the case the Plaintiff shall become the purchaser at the said sale, Plaintiff shall not be required to make any deposit thereon, that said Referee or his duly appointed designee, execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a third party other than the Plaintiff becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED** that said Referee or his/her duly appointed designee then deposit the balance of said proceeds of the sale in his/her own name as Referee in an FDIC Insured Bank and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository.

First: The sum of $750.00 to said Referee for his fees herein;

Second: The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by him to be correct, duplicate copies of which shall be left with said depository;

Third: And also the sum of $470.00 (inclusive of costs), the amount computed by the Court and adjudged to Plaintiff as aforesaid, with interest from January 31, 2025, and also the amount of any sums expended by Plaintiff, for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon, or so much thereof as the purchase money of the mortgaged premises will pay of the same; and it is further

**ORDERED AND ADJUDGED,** that said Referee, or his duly appointed designee, shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in item marked "Third" and shall file it with his report of sale. That said Referee, or his duly appointed designee, shall deposit the surplus monies, if any, with the aforesaid depository, within five (5) days after

the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that the Plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof be filed with the said Referee or his duly appointed designee shall not require Plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to Plaintiff or such governmental agency a deed of the premises sold. Plaintiff or such governmental agency shall pay the amount specified in the items marked "First" and "Second" and shall also pay the amount of the aforesaid taxes assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Referee or his duly appointed designee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by Plaintiff or such governmental agency, to the amounts due Plaintiff in the item marked "Third" and if there be a surplus over and above said amounts due Plaintiff, Plaintiff shall pay to said Referee or his duly appointed designee upon delivery of said Referee's Deed, the amount of such surplus, and said Referee or his duly appointed designees shall deposit said surplus as hereinabove directed.

Said Referee or his duly appointed designee shall make his report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests and costs as aforesaid, said Referee or his duly appointed designee shall specify the amount of such deficiency in his report of sale, the Plaintiff shall recover from Defendant Dalton Cunningham the whole deficiency of so much thereof as the Court may determine to be

just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the New York Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED AND ADJUDGED,** that the purchaser at said sale be let into possession on production of the said Referee or his duly appointed designee's deed; and it is further

**ORDERED AND ADJUDGED,** that each and all of the Defendants in this action, and all the persons claiming under them, or nay or either of them, after filing of the notice of the pendency of this action, be and hereby be forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; notices of pendency; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law. The purchaser shall be responsible for the payment of transfer taxes.

Said premises commonly known as 2359 Maple Avenue, Cortlandt Manor, New York 10567 (Section: 45.10 Block: 3 Lot: 5). A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

Dated: 6/10/25

_____
The Honorable Cathy Seibel

NATIONWIDE COURT SERVICES, INC

TITLE NO. FC21-HL005

## SCHEDULE A

## LEGAL DESCRIPTION

ALL that certain plot, piece or parcel of land situate, lying and being in the Town of Cortlandt, County of Westchester, and State of New York, being bounded and described as follows:

BEGINNING at a point on the southerly side of Maple Avenue, North 59 degrees 33 minutes 30 seconds West 291.78 feet, North 51 degrees 21 minutes 20 seconds West 78.31 feet, and North 47 degrees 46 minutes 40 seconds West 39.11 feet from a point on the southerly side of Maple Avenue where the same is intersected by the westerly line of lands shown on map of "Dickerson Mountain Est.," filed in the Westchester County Clerk's Office, Division of Land Records, as Map No. 3763;

RUNNING THENCE from said point along lands now or formerly of Paul and Paulette Rosenzweig the following courses and distances: South 54 degrees 54 minutes 30 seconds West 41.59 feet; South 53 degrees 36 minutes 00 seconds West 48.70 feet, South 15 degrees 53 minutes 30 seconds West 36.78 feet, South 21 degrees 39 minutes, 20 seconds East 44.36 feet, South 06 degrees, 30 minutes 00 seconds West 51.08 feet, and South 08 degrees 35 minutes 40 seconds East 101.58 feet to a point;

THENCE continuing along lands of Rosenzweig North 66 degrees 56 minutes 00 seconds West 110.00 feet to a point on the easterly side of Furnace Dock Road;

RUNNING THENCE along the easterly side of Furnace Dock Road the following courses and distances: North 23 degrees 09 minutes 30 seconds East 22.49 feet, North 15 degrees 08 minutes 00 seconds East 38.27 feet, North 02 degrees 49 minutes 00 seconds West 18.53 feet, North 22 degrees 52 minutes, 40 seconds West 76.31 feet, North 23 degrees 11 minutes 30 seconds West 51.47 feet, North 21 degrees 51 minutes 30 seconds West 34.00 feet, North 7 degrees 50 minutes 10 seconds West 121.33 feet, North 49 degrees 01 minutes 30 seconds East 22.97 feet, and South 78 degrees 57 minutes, 00 seconds East 12.26 feet to a point on the southerly side of Maple Avenue;

THENCE running along the southerly side of Maple Avenue the following courses and distances; South 52 degrees 49 minutes 00 seconds East 19.87 feet, South 56 degrees 44 minutes 20 seconds East 100.17 feet, South 62 degrees 48 minutes 00 seconds East 62.34 feet, and South 54 degrees 35 minutes 50 seconds East 43.60 feet to the point or place of BEGINNING.

FOR INFORMATION ONLY  
Premises also known as: 2359 Maple Avenue  
Cortlandt Manor  NY  10567

Section:45.10 Block:3 Lot:5

County of: Westchester