UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
WINDWARD BORA LLC,

                                Plaintiff,

         – against –

JOHN SOTOMAYOR, *et al.*,
                            Defendants.
-------------------------------------------------------------------------x

**ORDER**

No. 21-CV-7161 (CS)

Seibel, J.

Defendant John Sotomayor moves, (ECF No. 149), for a stay pending appeal of this Court's Judgment of Foreclosure and Sale dated June 10, 2025, (ECF No. 134), and an order enjoining the sale of his property – scheduled for January 5, 2026, (ECF No. 147) – pending appeal.  The Court rules promptly so that Defendant may seek a stay in the Court of Appeals if he so chooses.

> In deciding whether to grant a stay pending appeal, courts consider the following four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.   A stay is not a matter of right, even if irreparable injury might otherwise result.  While the first two factors are the most important, the degree to which a factor must be present varies with the strength of the others; more of one factor excuses less of the other.  In turn, the probability of success on the merits that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay.  Simply stated, more of one excuses less of the other.

*United States v. Astrup*, No. 18-CV-1531, 2023 WL 5672511, at *1 (E.D.N.Y. June 13, 2023) (cleaned up).

Defendant makes no effort to identify with any specificity the "substantial legal issues" that he believes will succeed on appeal.  The Second Circuit has already affirmed the Court's ruling granting summary judgment to Plaintiff.  (ECF No. 89.)  Nothing that has happened since

undermines that ruling.  The Court has given Defendants every opportunity to litigate this case for four years and they are simply unable to defeat Plaintiff's showing that it is entitled to foreclose.  Defendant thus does not make a showing, let alone a strong one, that would meet the first prong.

"To the extent that the property at issue is in fact the primary residence of [Defendant] and the sale of the property would lead to the loss of his home, that point would weigh in favor of a finding of irreparable harm."  *Kahlon v. Am. Bank*, No. 24-CV-6843, 2024 WL 4665279, at *1 (E.D.N.Y. Nov. 4, 2024).  Defendant has not argued that the property is his primary residence, but I assume it is, and this factor weighs in his favor.

As to the third prong, "[c]ourts in this circuit routinely hold that issuing a stay and delaying a foreclosure may constitute substantial financial harm to creditors."  *G.L.A.D. Enters., LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 23-CV-3985, 2023 WL 5127835, at *2 (S.D.N.Y. Aug. 10, 2023) (collecting cases).  A stay will substantially injure Plaintiff, in that it will "further impede [Plaintiff's] ability to seek recourse on a debt that has been in default since" at least 2009, *Kahlon*, 2024 WL 4665279, at *2, and "unfairly prejudice Plaintiff by delaying its ability to secure possession of the property, increasing legal and administrative costs, and undermining the finality of the foreclosure judgment and sale," *Empire Cmty. Dev., LLC v. Ramos*, No. 22-CV-4570, 2025 WL 814758, at *8 (E.D.N.Y. Mar. 12, 2025), *appeal dismissed*, No. 24-944 (2d Cir. June 25, 2025).

Finally, "[t]here is a strong public policy favoring the finality of judgments and the orderly resolution of foreclosure actions, which weighs against granting a stay."  *Id.*  This dispute has been litigated for four years.  "Public policy favors finality in litigation.  That policy would

2

not be served by granting a stay pending appeal under the circumstances of this case." *In re Liggett*, 118 B.R. 219, 223 (Bankr. S.D.N.Y. 1990).

On balance, the factors weigh against a stay, and the motion is denied.  The Clerk of Court is respectfully directed to terminate ECF No. 149.  In light of the time constraints, my chambers will email a copy of this Order to jhnsot@gmail.com.

**SO ORDERED.**

Dated: December 22, 2025
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.