# EMERGENCY

# MOTION FOR VACATE JUDGMENT

# Motion Dated 3/9/2026

## ORDER TO SHOW CAUSE

## USSD 2021-7161

March 9, 2026

John Sotomayor

2359 Maple Ave.

Cortlandt Manor, NY 10567

Jhnsot@gmail.com

917-887-2223

**Case - Docket Number – 2021-7161**

Plaintiff's arguments in favor of vacatur largely mirror those asserted in his earlier motion to vacate, (ECF No. 128), which the Court denied, (ECF No. 132). As previously explained, the time to have raised these arguments was in opposition to Plaintiff's motion for summary judgment in 2023. Moreover, "[*p*]*ro se* plaintiffs are not excused from producing highly convincing evidence in support of their motion to vacate a final judgment," which should be denied unless the movant "can show that the court overlooked facts or controlling law that might reasonably be expected to alter the conclusion reached by the court." *Keesh v. Smith*, No. 04-CV-0779, 2008 WL 2242618, at \*2 (N.D.N.Y. May 29, 2008); s*ee Maldonado v. Loc. 803 I.B. of T. Hlth. & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) ("A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided.") Plaintiff has presented no previously overlooked facts or law that would alter my conclusion, and his motion to vacate is denied. The Clerk of Court is respectfully directed to terminate ECF No. 153.

The Defendants/Appellants are requesting a **Foreclosure Reversal**. We are also sincerely requesting an **Emergency Motion for VACATE JUDGEMENT.**

This case has so many issues I have presented to the COURT with no resolution. **There is Caselaw about this issue and STANDING as well as violating RPAPL 1304, is here and as a result the case should be dismissed.**

SO ORDERED.

03/10/2026

CATHY SEIBEL, U.S.D.J.

In *Deutsche Bank Nat'l Trust Co. v. Ezeji*, 2021 N.Y. App. Div. LEXIS 3313 (2d Dep't, May 19, 2021), New York's Appellate Division, Second Department, reversed a judgment of foreclosure and sale, finding that although the mortgagee asserted it possessed the subject note before commencing the foreclosure and had complied with service of the statutory predicate notices pursuant to RPAPL 1304, it failed to introduce the actual business records evidencing these facts. The ruling is instructive for mortgagees and their servicers about the evidence they must provide in support of a *prima facie* case to foreclose.

Specifically, the court reaffirmed that to establish standing to foreclose through physical possession plaintiff must provide actual evidence that it possessed the indorsed note prior to commencement. Here, the mortgagee merely offered an affidavit of the mortgagee's vice president of loan documentation, purportedly based upon a review of its books and records, that the mortgagee physically possessed the note, endorsed in blank, at the time the action was commenced. The Second Department reiterated that although a witness familiar with the practices and procedures of the business can provide the foundation for a business record, it is the business record *itself* that serves as proof of the matter asserted. Thus, without the business record, the affiant's testimony is inadmissible hearsay.

See Below;

**The Affidavit signed by the plaintiff indicating amounts paid was completely False.  No business records are provided.**

**The Westchester County Clerk has no file for the transfer of the mortgage from SMR to Windward Bora.  The County Clerk informed me this is required.**

**As a result, this case should be dismissed due to the fact the business records needed to be provided to accurately present and create a default.**

**I mentioned and submitted information to the court about this for several months and they never wanted to address this.**

**Please assist as there are so many inconsistencies in this case and it would be improper to award the case to a plaintiff who does not actually have all the paperwork (BUSINESS RECORDS) of the loan.**

**This is a Junior Loan not the primary loan.**

**The other fact are all the submissions the defendant was never sent by the district court.** They also were never made (plaintiff) to send us all the information about the hearings moving forward.  The court ignored us.  Its in the docket. **Letters have been sent in and Ignored by the Court where is the EQUITY and Equality in this.**

**The fact of the affidavit submitted indicating payments was a false.  How can someone swear to an affidavit and the court accept it?  The court never questioned this item.  It indicates the defendants have STANDING AND**

**RPAPL 1304, and STANDING which is allowed up to the last moment in a foreclosure.**

**The other item brought up in court was an email indicating Partners in Payment relief sent me a demand letter prior to May 2013 which would indicate the Statute of Limitations.  The Plaintiff or the court has refused to respond to this.  This opens the door to the statute of limitations.  They do not have the case file as they never submitted this info.  This is case for the statute of limitations.**

We have **STANDING, STATUTE OF LIMITATIONS, AND NO ACCURATE PAYMENT HISTORY, WITH NO FILING IN THE COUNTY CLERKS OFFICE WHICH WOULD INDICATE THERE IS AN ISSUE OF A PLAINTIFF'S STANDING TO COMMENCE A FORECLOSURE.**

**If the court can please see the information and assist.**

/s/john Sotomayor

/s/Alexandra loaiza